THE STATE OF OHIO *v.* SADUSKY.

(No. 77 CRB 02592—Decided May 18, 1977.)

Akron Municipal Court.

*Mr. James L. Bickett,* for plaintiff.
*Mr. William I. Arbuckle, III,* for defendant.

GEORGE, J.  The defendant, Victor Sadusky, was charged on April 16, 1977, with knowingly obtaining, possessing, or using a controlled substance, to wit, marijuana, under R. C. 2925.11, a minor misdemeanor.

The defendant was, at the time of the incident which gave rise to the instant offense, serving a sentence in the Akron City Workhouse and was returning to the Workhouse after being released on a work release permit.

The Workhouse Guard, Mr. Gengler, executed a routine search of the defendant on his return to the Workhouse, at which time Mr. Gengler discovered a hand-rolled cigarette in the defendant's tennis shoe, which the guard testified he believed to be marijuana.

Trial was had on this matter on Apri 26, 1977.  Two witnesses testified on behalf of the state and briefs were submitted by both the state and the defense.

The issue before this court is whether or not a detective can be qualified as an expert, to testify with respect to the identity of the substance found on the defendant and, if so, whether the field test performed by such detective

is sufficient to meet the burden of proof beyond a reasonable doubt as to the identity of such substance.

Detective A. Wilkinson testified that he is a Detective Sergeant, assigned to the Narcotics Division of the Akron Police Department, and that he has been so assigned for the past nine years. He further testified that over that nine year period his duties included identifying controlled substances; performing various chemical, visual and microscopic tests; attending a course at Case Western Reserve University on drug identification and investigation; completing a two week training session at the Bureau of Narcotic and Dangerous Drugs School; attending a ten week program on enforcement administration at the National Training Institute which program included two weeks on drug identification and chemical testing; attending various seminars with regard to drug identification and investigation. Additionally, Detective Wilkinson testified that during his nine years in the Narcotics Division he had performed five to six hundred field tests similar to the one that is in question here.

The court finds that Detective Wilkinson has special knowledge on chemical field identification of drugs and that he is, therefore, qualified as an expert in drug identification. Detective Wilkinson is competent to give his opinion as to the identity of the suspect cigarette.

Detective Wilkinson testified that he had personally performed certain tests on the suspect cigarette, which included a visual examination, a microscopic examination, and a chemical test, commonly known as the Duquenois Test.

Detective Wilkinson testified further that upon examination of the suspect cigarette it revealed characteristics of being marijuana. That upon such visual examination, the suspect substance was then chemically tested by the use of three controlled chemicals in a certain time sequence which would produce a certain color reaction. Further that the color produced identified the substance as one of the hashish-marijuana family. The visual microscopic test was then conducted to distinguish whether the substance

was in fact marijuana or hashish. And the findings of the visual microscopic test identified the substance as being marijuana. The court finds that the field test conducted by Detective Wilkinson in the instant case was reliable and credible evidence and was sufficient to meet the burden of proof beyond a reasonable doubt with respect to the identity of the substance.

The court heard testimony as to the exact nature of the substance upon which the prosecution was grounded. Detective Wilkinson testified that the substance in question was in his opinion marijuana.

The court has carefully reviewed the case of *State v. Clemons* (1975), 168 Conn. 395, 363 A. 2d 33, cited by the defendant.

R. C. 2925.51 is an evidentiary statute, setting forth the methods to be used to admit directly into evidence a laboratory report without the necessity of testimony of the analyst. It is not applicable to the facts presented in this case.

The court finds that the State has proven its case beyond a reasonable doubt that the defendant did possess marijuana on April 16, 1977.

The defendant is, therefore, found guilty of knowingly obtaining, possessing or using a controlled substance, to wit, marijuana.

*Defendant guilty.*